UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-37-RJC

| | |
|---|---|
| BERTRAM N. MCELHINEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ALVIN W. WALKER, JR., et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Appointment of Counsel, (Doc. No. 3), and on Plaintiff's Motion for Temporary Restraining Order, (Doc. No. 4).

**I.     BACKGROUND**

This is an action filed under 42 U.S.C. § 1983, in which Plaintiff, an inmate at Avery/Mitchell Correctional Institution ("AMCI"), alleges that he was not allowed to keep the legal research materials and court documents that he brought with him when he was transferred to AMCI. (Doc. No. 1 at 10). Plaintiff states that, upon arriving at AMCI, he was told he had too much property and would have to either throw out his legal materials, or mail them to someone. (Id.). Plaintiff alleges that, according to prison officials, AMCI "has a standing order that inmates are not allowed to store their legal materials in the prison because AMCI has no place to store them." (Id. at 11). Plaintiff alleges that the lack of a law library, a legal service provider, and Plaintiff's own legal research materials and court documents while housed at AMCI constitute a denial of Plaintiff's right to access to the courts and further "punishes plaintiff without fair procedures" under the First and Fourteenth Amendments to the U.S. Constitution. (Id. at 16).

## II. MOTION FOR APPOINTMENT OF COUNSEL

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel in this case. Therefore, Plaintiff's Motion for Appointment of Counsel will be denied.

## III. MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff seeks a temporary restraining order "keeping plaintiff at AMCI, without harassment from staff, while this suit is being settled," with the exceptions that Plaintiff shall be allowed to transfer to another prison if he requests such transfer; that if the DOC wants to transfer Plaintiff to another prison it must first prove to this Court that Plaintiff is a major security risk; and that if Plaintiff is upgraded to a minimum custody prison that he be allowed to remain in the Western District of North Carolina near or in the Asheville area. (Doc. No. 4 at 4).

Plaintiff's motion for a temporary restraining order will be denied, as the functions of prison management, such as housing, security, and transfer, must be left to the broad discretion of prison administrators to enable safe and effective management. See, e.g., Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991); Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion for Appointment of Counsel, (Doc. No. 3), is **DENIED**; and

(2) Plaintiff's Motion for Temporary Restraining Order, (Doc. No. 4), is **DENIED**.

Signed: February 28, 2012

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
Chief United States District Judge

3